UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 AUG 24 PM 3:05
N.D. OF ALABAMA

| | | |
|---|---|---|
| RONALD G. TOELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV 01-S-1753-NE |
| | ) | |
| OGDEN ENVIRONMENTAL & ENERGY SERVICES, INC.; THE CITY OF HUNTSVILLE | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
AUG 2 4 2001

**MEMORANDUM OPINION**

This action is before the court upon a motion filed by defendant City of Huntsville, Alabama asking the court to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (doc. no. 4). The court does not address that motion, however, because the court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. The American Tobacco Company*, 168 F.3d 405, 410 (11th Cir. 1999). The court has reviewed the Notice of Removal from the Circuit Court for Madison County, Alabama, as well as the Complaint filed in this action. Based upon that review, the court is of the opinion that defendant has not met its burden of proving the existence of a federal claim necessary to support federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1443.

This case arises out of an alleged failure of the defendants to notify plaintiff of a public hearing. Plaintiff, Ronald Toelle, a resident of Tennessee, contends that, prior to June 1980, he purchased approximately three acres of real property located in Huntsville, Madison County, Alabama. Prior to August 1999, Stanley Estates, LLC planned to develop a subdivision known as Stanley Estates and engaged the services of defendant Ogden Environmental & Energy Services,

Inc. (Ogden) to assist and to provide engineering services in connection with the submission of a proposed plat to the City planning department. On or about August 6, 1999, the planning commission for the City of Huntsville mailed notices to adjoining property owners, advising them of a meeting to consider approval of the proposed subdivision known as Stanley Estates.

Plaintiff contends that as of August 6, 1999, he owned real property which adjoined the proposed subdivision. Plaintiff also contends that he was not given notice of the public hearing held by the planning commission to consider the proposed subdivision. Plaintiff alleges that defendants' failure to notify him of the public hearing violated Alabama Code § 11-52-32, which provides that "notice shall be mailed to the owners of land immediately adjoining the platted land as their names appear upon the plats in the county tax assessor's office and their addresses appear in the directory of the municipality or on the tax records of the municipality or county." Alabama Code § 11-52-32(a) (1975) (1994 Replacement Volume).

The planning commission for the City of Huntsville subsequently approved the proposed subdivision. Plaintiff contends that the proposed subdivision does not provide for a right of access to his property, but terminates with the road nearest plaintiff's property ending in a cul-de-sac.

Plaintiff initiated this action on June 12, 2001, in the Circuit Court of Madison County, Alabama (doc. no. 1, ex. B). Count I is a simple negligence action. Plaintiff alleges that Ogden breached its duty of care to send plaintiff notice of the public hearing regarding the approval of the plat for the proposed subdivision. Count II is an action for negligence per se against Ogden. Plaintiff alleges that Ogden negligently violated Alabama Code § 11-52-32.

Count III is an action for wantonness against Ogden. Plaintiff alleges that Ogden knew that he was an adjoining land owner of the proposed subdivision and was entitled to notice of the public meeting. Plaintiff also contends that Ogden's failure to provide notice to the plaintiff of the public

meeting was done with a conscious or reckless disregard as to the consequences of its action.

Count IV is an action for violation of rights under 42 U.S.C. § 1983 against Ogden and the City of Huntsville. Plaintiff alleges that defendants violated Alabama law by failing to provide him notice of the public hearing regarding the proposed subdivision. Plaintiff also alleges that defendants possessed sufficient knowledge that he was an adjoining land owner entitled to notice of the public hearing. Plaintiff contends that Ogden and the City of Huntsville acted with conscious disregard and reckless disregard or indifference for his rights by failing to notify him of the proposed meeting to consider the approval of the proposed subdivision.

On July 13, 2001, the City of Huntsville removed the action to this court pursuant to 28 U.S.C. §§ 1441(a) and 1446, asserting jurisdiction based upon a federal question. 28 U.S.C. § 1331. In removal cases, the burden is on the party seeking removal to demonstrate that federal jurisdiction exists. *See, e.g., Kirkland v. Midland Mortgage Company*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *University of South Alabama v. The American Tobacco Company*, 168 F.3d 405, 411-12 (11th Cir. 1999). The City asserts that removal is proper pursuant to 28 U.S.C. § 1441(a) (doc. no. 4).[1] Section 1441 permits removal by the defendant of a civil action brought in a State court of which the district courts of the United States have original jurisdiction.

Here, the City asserts that Count IV of plaintiff's complaint constitutes a federal claim that "triggers this court's original federal question jurisdiction under 28 U.S.C. § 1331." (Doc. no. 1.) Section 1331 provides district courts with original jurisdiction over all civil action arising under the Constitution, laws, or treaties of the United States. Count IV of plaintiff's complaint asserts a cause of action for violation of rights under 42 U.S.C. § 1983.

Section 1983, however, does not alone confer jurisdiction upon federal district courts. *See,*

---

[1] The City incorrectly cites to *42* U.S.C. § 1441(a), rather than 28 U.S.C.§ 1441(a). *See* doc. no. 1.

3

*e.g., Hagans v. Lavine*, 415 U.S. 528, 535, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). Section 1983 is purely a remedial vehicle. "It creates a cause of action but does not itself bestow jurisdiction upon the district court." *Fountain v. Metropolitan Atlanta Rapid Transit Authority*, 678 F.2d 1038, 1042 n.7 (11th Cir. 1982). Stated somewhat differently, § 1983 does not create independent substantive rights; it merely provides a remedy for violations of existing constitutional and federal statutory rights. *See, e.g., City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791 (1985); *Wilson v. Garcia*, 471 U.S. 261, 278, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985); *Skinner v. City of Miami, Florida*, 62 F.3d 344, 347 (11th Cir. 1995). To succeed, a plaintiff must allege the violation of some right protected by federal law. *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Skinner*, 62 F.3d at 347. "[S]ection 1983 must not supplant state tort law; liability is appropriate solely for violations of federally protected rights." *Almand v. DeKalb County, Georgia*, 103 F.3d 1510, 1513 (11th Cir. 1997). In other words, a violation of a state statute, by itself, is not sufficient to establish a violation of a constitutional right needed to prevail in a § 1983 civil rights claim.

In the present action, plaintiff asserts a violation of rights under 42 U.S.C. § 1983. His complaint, however, fails to articulate any violation of federal or constitutional rights. As the City points out in its motion to dismiss, the "plaintiff's claimed violation of some state-created right to notice is not a valid cause of action for purposes of title 42, section 1983, of the United States Code...." (Doc. no. 4.) Because § 1983 does not by itself confer jurisdiction on the district courts, the court finds that the City of Huntsville, as the party seeking removal, has failed to carry its burden of demonstrating that federal jurisdiction exists under 28 U.S.C. § 1441(a).

The City also asserts that removal is proper pursuant to 28 U.S.C. § 1443 (doc. no. 1.)[2] "The

---

[2] The City incorrectly cites to *42* U.S.C. § 1443, rather than 28 U.S.C. § 1443. *See* doc. no. 1.

key aspect of Sec. 1443 removal is that the ... action must arise as the result of someone's being denied, or being prosecuted for the exercise of, his rights 'under any law providing for the equal rights of citizens.'" *Board of Education of the City of Atlanta v. American Federation of State, County and Municipal Employees, AFL-CIO*, 401 F.Supp. 687, 691 (N.D. Ga. 1975). The Supreme Court, however, has interpreted the phrase "any law providing for ... equal civil rights" to mean a law providing for specific civil rights stated in terms of racial equality. *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966). The plaintiff's complaint states no such claim. Rather, he merely alleges that defendants violated "applicable Alabama Law" by failing to provide him with notice of the public hearing concerning the proposed subdivision. Because plaintiff's complaint fails to allege the violation of any law providing for civil rights stated in terms of racial equality, the court finds that the City of Huntsville, as the party seeking removal, has failed to carry its burden of demonstrating that federal jurisdiction exists under 28 U.S.C. § 1443.

For all of the foregoing reasons, this action is due to be remanded to state court. An appropriate order will be entered contemporaneously herewith.

DONE this 24th day of August, 2001.

United States District Judge

5